UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA ROTOR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE CONSULTANTS, LLC., A FLORIDA LIMITED LIABILITY COMPANY, et al.,<br><br>Defendants. | Case No. 18-cv-07526-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 31 |

Before the Court is Plaintiff Tanya Rotor's motion to remand. ECF No. 31. The Court will grant the motion.

## I. BACKGROUND

The parties provide scant details regarding the nature of this dispute. Rotor alleges that, at some unspecified point in time, she applied for employment with Defendants Signature Consultants, LLC, and Signature Commercial Solutions, LLC (collectively, "Signature"). Complaint ("Compl."), ECF No. 1 at 9-29 ¶ 22.[1] As part of the application process, Rotor had to complete a form authorizing a background check. *Id.* The form disclosed that Signature might request a consumer report on Rotor and required her written authorization to do so. ECF No. 1 at 31.

On October 12, 2018, Rotor filed a putative class action in state court, ECF No. 1 at 9, on behalf of Signature's current, former, and prospective job applicants, Compl. ¶ 14. Rotor claims

---

[1] In the parties' joint case management statement, Rotor states that Signature hired her around June of 2017, ECF No. 25 at 3, but this fact is not reflected elsewhere in the record.

1 that Signature's disclosure form failed to comply with federal Fair Credit Reporting Act ("FCRA") requirements because the disclosure form (1) contained extraneous information and a release, contrary to 15 U.S.C. § 1681b(b)(2)(A); and (2) did not include the requisite summary of consumer rights, *id.* §§ 1681d(a)(1), 1681(g)(c); *see* Compl. ¶¶ 36-37, 55-60. Rotor also brings state law claims under (3) the California Investigative Consumer Reporting Agencies Act ("ICRAA"), (4) the California Consumer Credit Reporting Agencies Act ("CCRAA"), and (5) California's Unfair Competition Law ("UCL"). Compl. ¶¶ 61-104.

Rotor served Signature on November 14, 2018. ECF No. 1 at 3, 36. Signature timely removed on December 13, 2018, citing federal question jurisdiction over Rotor's FCRA claims and supplemental jurisdiction over the state law claims. ECF No. 1 at 3 (citing 28 U.S.C. §§ 1331, 1367).

On May 29, 2019, Rotor filed a motion to remand this case pursuant to 28 U.S.C. § 1447(c), arguing that she lacks Article III standing to pursue her FCRA claims. ECF No. 31.[2]

## II. LEGAL STANDARD

### A. Article III Standing

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins (Spokeo I)*, 136 S. Ct. 1540, 1547 (2016). Standing must exist "for each claim . . . and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

Because standing is "an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Moreover, "the party asserting federal jurisdiction when it is

---

[2] In a related case, Rotor asserts individual claims against Signature for employment discrimination. *See Rotor v. Signature Consultants, LLC*, No. 18-cv-07520-JST (N.D. Cal.), ECF No. 1. Rotor does not dispute the Court's jurisdiction in that action.

2

challenged has the burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

### B. Removal and Remand

A defendant may generally remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

Federal courts do not have subject matter jurisdiction over actions where a plaintiff lacks Article III standing. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Accordingly, the absence of standing provides a basis for remand under § 1447(c). *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Where a plaintiff lacks standing in a removed case, "[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

As a general matter, "[r]emoval and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)). Therefore, Signature bears the burden to establish Rotor's standing here.[3]

### III. ANALYSIS

Rotor contends that she has not alleged an Article III injury to support either of her FCRA claims. ECF No. 31 at 5-6. She further contends that the Court consequently lacks supplemental

---

[3] The parties do not address, and the Court therefore need not decide, the precise "manner and degree of evidence required at [this] stage[] of the litigation." *Lujan*, 504 U.S. at 561; *compare Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy."), *with HSBC Bank*, 761 F.3d at 1035 ("Federal courts typically may only look to the plaintiff's complaint to determine federal question jurisdiction.").

3

jurisdiction over her state law claims. *Id.* at 6. The Court agrees.

### A. Injury-in-Fact

An injury-in-fact requires "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560-61 (internal citations and quotations omitted). To be considered "concrete," an injury "must actually exist." *Spokeo I*, 136 S. Ct. at 1548. But while "tangible injuries are perhaps easier to recognize, . . . intangible injuries can nevertheless be concrete." *Id.* at 1549. In *Spokeo I*, the Supreme Court instructed that "[i]n determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* Under that first factor, courts should "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* Similarly, "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important." *Id.* The *Spokeo I* Court cautioned, however, that this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*

In *Spokeo I*'s wake, the Ninth Circuit has articulated additional guideposts for this inquiry. First, it has identified certain statutes that confer "substantive" rights. *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983-84 (9th Cir. 2017) ("[T]he [Video Privacy Protection Act of 1988] identifies a *substantive* right to privacy that suffers *any time* a video service provider discloses otherwise private information." (emphasis in original)); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("The [Telephone Consumer Protection Act of 1991] establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent."). In these cases, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified," namely, the violation of the statutory right. *Van Patten*, 847 F.3d at 1043 (quoting *Spokeo I*, 136 S. Ct. at 1549 (emphasis in original)).

Second, if no such substantive right is implicated, courts must "ask: (1) whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed

4

to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1113 (9th Cir. 2017); *see also Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1174 (9th Cir. 2018) (applying *Spokeo II*'s test).

### B. Improper Disclosure

The Court first addresses Rotor's claim that Signature's disclosure form violated 15 U.S.C. § 1681b(b)(2)(A).

With some exceptions not asserted here, that provision imposes two preconditions on an employer's ability to procure a consumer report for employment purposes: (i) "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes"; and (ii) "the consumer has authorized in writing (which authorization may be made on the [disclosure] document . . .) the procurement of the report by that person." *Id.*

The Ninth Circuit has previously addressed Article III injury in the context of this provision. *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). The *Syed* court concluded that § 1681b(b)(2)(A)(i)'s disclosure requirement "creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process." *Id.* Section 1681b(b)(2)(A)(ii)'s complementary written authorization requirement established "a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Id.* Turning to the facts of the case, the Ninth Circuit observed that the plaintiff alleged that he did not discover that his employer procured a consumer report until he later obtained his personnel file. *Id.* Accordingly, the *Syed* court reasoned, the plaintiff had implicitly alleged that he "was not aware that he was signing a waiver authorizing the credit check when he signed it," thus depriving him of "the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(i)–(ii)." *Id.* The court likewise inferred that the plaintiff "was confused by the inclusion of the

5

liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute." *Id.* at 499-500.

Applying *Syed* to alleged violations of that same provision, numerous courts from this district have concluded that *Syed* "requires some allegation of actual harm, e.g., that plaintiff was 'confused' by the disclosure or that she would not have signed the authorization had it been presented in a FCRA-compliant format." *Bercut v. Michaels Stores Inc.*, No. 17-CV-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017); *see also, e.g.*, *Arroyo v. J.R. Simplot Co.*, No. 18-cv-07187-LHK, 2019 WL 2338518, at *3 (N.D. Cal. June 3, 2019) ("The plaintiff in *Syed* alleged [a concrete] injury because the plaintiff alleged that he 'was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required by the statute.'" (quoting *Syed*, 853 F.3d at 499-500)); *Brown v. Core-Mark Int'l, Inc.*, No. 18-cv-07451-JCS, 2019 WL 2076708, at *4 (N.D. Cal. May 10, 2019) (finding a concrete injury where plaintiff's allegations of "confusion regarding the nature of the disclosure and a consumer report obtained without valid authorization" were analogous to *Syed*); *Williams v. Vitas Healthcare Corp. of Cal.*, No. 18-cv-02096-JSW, 2018 WL 7253633, at *3 (N.D. Cal. Aug. 6, 2018) (finding no concrete injury where plaintiff gave "no indication that she was misled by the Forms' format or that she would not have signed the Forms if she understood their effect").[4]

The clear direction of this case law is that not every violation of § 1681b(b)(2)(A) necessarily gives rise to a concrete injury. *Cf. Eichenberger*, 876 F.3d at 983-84; *Van Patten*, 847 F.3d at 1043. Signature provides no reason to deviate from this authority. Without addressing *Syed*, Signature appears to contend that injury in fact exists whenever a "plaintiff's claim is that she failed 'to obtain information, which must be publicly disclosed pursuant to statute." ECF No.

---

[4] In an unpublished disposition, the Ninth Circuit has adopted a similar interpretation of *Syed*. *See Mitchell v. WinCo Foods, LLC*, 743 F. App'x 889, 889 (9th Cir. 2018) ("To the extent Mitchell argues that she was confused by the FCRA waiver and authorization, Mitchell's pleadings do not allege facts sufficient to support an inference of confusion. The district court therefore correctly concluded that her pleadings failed to establish standing." (citing *Syed*, 853 F.3d at 499-500)). Pursuant to Ninth Circuit Rule 36-3, the Court does not rely upon *Mitchell* as precedent, but nonetheless notes it as additional persuasive authority.

6

32 at 4 (quoting *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998)); *see also id.* (citing *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989)). But *Akins* and *Public Citizen* do not establish a rule that the violation of every statutorily mandated disclosure is an Article III injury. As the Supreme Court later explained, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo I*, 136 S. Ct. at 1549. Instead, as the *Spokeo I* Court noted in citing both cases, *Akins* and *Public Citizen* demonstrate that "the violation of a procedural right granted by statute can be sufficient *in some circumstances* to constitute injury in fact" without any additional concrete harm. *Id.* (emphasis added). Here, Signature's lone case specific to the circumstances of § 1681b(b)(2)(A), *Lee v. Hertz Corp.*, No. 15-cv-04562-BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016), predates *Syed* and is not persuasive to the extent that it conflicts with *Syed* and district courts' subsequent application of its holding.

Therefore, the Court must inquire whether "the specific procedural violations alleged in this case actually harm, or present a material risk of harm to" the protected interests in information and privacy. *Spokeo II*, 867 F.3d at 1113. In particular, the Court considers whether the disclosure failed "to inform job applicants that [Signature] intend[ed] to procure their consumer reports as part of the employment application process," or "deprived [them] of their ability to meaningfully authorize a credit check." *Syed*, 853 F.3d at 499.

Signature fails to identify any harm or risk of harm created by the specific violations asserted here. Signature points to Rotor's allegation that her "privacy and statutory rights [were] invaded in violation of the FCRA," Compl. ¶ 46, but the Court is not required to give effect to a conclusory legal allegation in a complaint. *See Mansapit v. Deluxe Corp.*, No. 19-cv-00790-HSG, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019) (reaching same conclusion regarding identical allegations); *Moore v. United Parcel Serv., Inc.*, No. 18-cv-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (same).

Accordingly, the Court concludes that Signature has not demonstrated that Rotor has standing to pursue her improper disclosure FCRA claim.

**C. Failure to Provide Summary of Rights**

The Court reaches the same conclusion for Rotor's claim that Signature did not provide the complete summary of rights required by 15 U.S.C. §§ 1681d(a)(1) and 1681g(c).

Section 1681d(a) provides that "[a] person may not procure or cause to be prepared an investigative consumer report" unless "(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made." 15 U.S.C. § 1681d(a). It further requires that, among other things, the disclosure must "include[] a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to [15 U.S.C. § 1681g(c)]." *Id.* § 1681(a)(1). Section 1681g(c), in turn, describes various rights that summary must contain, such as "(i) the right of a consumer to obtain a copy of a consumer report," and "(iii) the right of a consumer to dispute information in the file of the consumer under section 1681i." 15 U.S.C. § 1681g(c)(1)(B).

Neither party cites any authority or otherwise discusses the nature of the interests protected by these provisions. Under these circumstances, the Court need delve no deeper, as Signature has failed to carry its burden. As explained above, the mere fact that a disclosure is required by statute does not mean that a violation results in an Article III injury. *See Spokeo I*, 136 S. Ct. at 1549. Without any discussion of the "Congressional judgment" underlying the requirement to provide a summary of consumer rights or analogous "[h]istorical practice" in the common law, *Eichenberger*, 876 F.3d at 983, the Court has no basis to recognize an informational injury that is actionable without additional concrete harm.

Here, Signature has identified no such harm. The Court therefore concludes that Rotor lacks standing for this FCRA claim as well.

**D. State Law Claims**

Because Rotor does not have standing to pursue her federal claims, remand is appropriate if the Court lacks jurisdiction over the remaining claims. *See Polo*, 833 F.3d at 1196 (9th Cir. 2016) (applying "[t]he rule that a removed case in which the plaintiff lacks Article III standing

must be remanded to state court under § 1447(c)"); *cf. Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001) (holding that § 1447(c) does not permit "a remand of the entire case when there is subject matter jurisdiction over some of it").

Signature argues that the Court nonetheless retains supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This argument fails because "[w]ithout subject matter jurisdiction over [any] federal claim," the Court has "no discretion to exercise supplemental jurisdiction over [the] state law claims." *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017). Therefore, the Court lacks subject matter jurisdiction over the entire case and must remand pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court grants the motion to remand. Because the parties did not raise the issue, the Court expresses no view as to how Rotor's representations that she suffered no cognizable Article III injury will impact her ability on remand to demonstrate that she "suffered injury in fact and . . . lost money or property as a result of" that same conduct for purposes of her UCL claim. Cal. Bus. & Prof. Code § 17204; *see also Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) ("[Section 17204] requires [plaintiff] to show that she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution."). For the same reason, the Court does not opine on whether further developments in the factual record in state court might support removal in the future. *See generally* 28 U.S.C. § 1446(b)(3); *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) ("Successive [removal] petitions are . . . permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time.").

The Court hereby remands this action to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: July 19, 2019

_____
JON S. TIGAR
United States District Judge